Appeal of the RUSSELL MILLING CO.          Docket No. 183.

A corporation making its returns on a fiscal year basis may not deduct income or excess-profits taxes imposed by the Revenue Act of 1917 for the portion of its fiscal year 1917 within the calendar year 1917, as having accrued at December 31, 1916.

State, county, and municipal taxes paid or accrued within the fiscal year are allowable deductions from gross income in that year. Such taxes can be accrued only when they become due, and no part thereof can be accrued and deducted in ascertaining net income when the due date is not within the fiscal year.

A reserve for depreciation accumulated on the books of a taxpayer over a period of 10 years prior to June 30, 1916, will not be disturbed to reduce invested capital unless the evidence clearly shows that the amount of the reserve does not represent the depreciation actually sustained during that period.

Submitted November 15, 1924; decided December 18, 1924.

W. E. Baird, C. P. A., for the taxpayer.

A. H. Fast, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

FINDINGS OF FACT.

1. The taxpayer is a Kansas corporation and was organized in 1905. The corporation kept its books on an accrual basis and made its returns for the fiscal periods ending June 30 of each year, and has appealed from a determination of the Commissioner proposing to assess additional taxes for its fiscal years ended June 30, 1917, and June 30, 1918.

2. For the fiscal year ended June 30, 1917, the taxpayer claimed the right to deduct from its gross income one-half the total income and excess-profits taxes computed under the Revenue Act of 1917 for the part of its fiscal year falling in the calendar year 1917, as taxes accrued at December 31, 1916. The Commissioner allowed as a deduction the sum of $644.37, which is six-twelfths of the income tax at the 2 per cent rate imposed by the Revenue Act of 1916, but declined to allow any deduction for taxes under the computation of income and excess-profits taxes under the Revenue Act of 1917.

3. In December, 1916, the taxpayer paid State, county, and municipal taxes amounting to $1,683.84, assessed against it for the calendar year 1916. On June 30, 1917, the taxpayer set up a reserve on its books for State, county, and municipal taxes which was later reduced to $1,017.51, as being one-half of such taxes for the year 1917 accrued to June 30, 1917. The said taxes, amounting to $2,035.02 for the full year 1917, were paid in December, 1917. The taxpayer claimed as a deduction for the fiscal year ended June 30, 1917, the taxes paid in December, 1916, for the year 1916, and the amount claimed to have accrued to June 30, 1917, of the 1917 taxes. The Commissioner allowed as a deduction one-half of the taxes paid in December, 1916, or $841.92, and the amount which the taxpayer had accrued at June 30, 1917, in the amount of $1,017.51, but refused to allow as a deduction one-half of the taxes paid in December, 1916, for the year 1916. In the taxpayer's jurisdiction, State, county, and

municipal taxes are due on November 1, in each year, and are pay-- able, at the option of the taxpayer, either in full before December 20, or in two installments, one-half on or before December 20, and the other half on or before June 20 of the following year.

4. At June 30, 1916, the books of the corporation showed a reserve for depreciation in the amount of $20,000. In an audit for the fiscal year 1917, a revenue agent computed a depreciation reserve from the beginning of the corporation in 1905, and accumulated depreciation of $23,772.89 for the 10 years prior to June 30, 1916. The invested capital of the corporation was reduced by the excess depreciation thus computed in the amount of $3,772.89, and no allowance was made for replacements for the years prior to June 30, 1916. In the prior years the taxpayer had not deducted depreciation at constant rates, but adopted the. policy of deducting its depreciation as the profits of the business appeared to warrant it. This resulted in no depreciation being deducted in some years and a large amount in others. There is no evidence to show that the depreciation on the books did not represent the actual depreciation sustained or that the property of the corporation had a value less than that shown by its books.

5. In computing the tax for the fiscal year ended June 30, 1918, the Commissioner reduced taxpayer's invested capital by $659.80. This amount was part of the interest paid by taxpayer in the fiscal year ended June 30, 1917, but disallowed as a deduction for the reason that it was in excess of the limitation for interest-bearing indebtedness permitted by law to be deducted. The amount was later allowed and had been charged against surplus through closing the profit and loss account at June 30, 1917, and did not enter into the accounts of taxpayer for the fiscal year ended June 30, 1918. Through error the amount was again deducted by the Commissioner in computing the invested capital for the fiscal year 1918.

DECISION.

The determination of the Commissioner is approved in part and disapproved in part. The amount of the deficiency to be assessed will be computed in accordance with the following opinion and settled by the Board on consent or on seven days' notice.

OPINION.

MARQUETTE: The taxpayer's first contention is that it should be allowed to deduct, as accrued at December 31, 1916, one-half of the income and excess-profits taxes imposed by the Revenue Act of 1917 for the portion of its fiscal year 1917 within the calendar year 1917. The theory upon which it bases this claim is that as it kept its accounts upon an accrual basis, and the 1916 Act permitted a deduction for all taxes for the calendar year 1916 or a fiscal year following thereafter, and as it was subjected to excess-profits taxes under the Act of 1917 upon the whole net income for the fiscal year, reduced to as many twelfths as there were months in its fiscal year 1917 falling within the calendar year 1917, and for income tax upon the same proportion after reducing the income by the excess-profits tax com-

puted under Title II of that act, in addition to the 2 per cent tax imposed by the Act of 1916 upon the entire net income for the year, after making the deduction for excess-profits taxes; and as income taxes accrue proportionately with the income occasioning the income tax, that one-half the income and excess-profits taxes for the portion of the fiscal year 1917 within the calendar year 1917 accrued in that portion of the fiscal year 1917 prior to December 31, 1916. The Commissioner allowed as a deduction one-half the tax computed under the Revenue Act of 1916, and declined to allow as a deduction any part of the tax imposed by the Revenue Act of 1917.

The Commissioner was clearly right in refusing to allow as a deduction any portion of the income and excess-profits taxes imposed by the Revenue Act of 1917. Section 1207 of that Act amended paragraph 4 of subdivision (a) of section 12 of the Revenue Act of 1916 so as to except from deduction income and excess-profits taxes imposed by authority of the United States for the year 1917. Nor could the taxpaper accrue as at December 31, 1916, any part of such taxes, for the reason that no part of the tax was then due. The theory that income taxes accrue proportionately with the income occasioning the income tax, even if it were sound, would not warrant the deduction claimed.

The next point presented by the taxpayer is his claimed right to deduct in the fiscal year 1917 State, county, and municipal taxes paid in December, 1916, for the year 1916, and one-half the taxes of the same character for the year 1917, accrued at June 30, 1917.

Section 200 of the General Statutes of Kansas, 1914 edition, provides that all taxes shall be due on the 1st day of November in each year. The taxes are payable on or before December 20, or at the option of the taxpayer in two installments—one on or before December 20 and the other on or before June 20 of the following year. The State, etc., taxes for the year 1916 were actually paid in full in December, 1916. The Commissioner allowed as a deduction for the fiscal year 1917 one-half the 1916 taxes paid in full in December, 1916, and in taxpayer's said fiscal year and permitted it to accrue State, etc., taxes for the year 1917 to June 30, 1917, but denied the right to deduct the other half of the 1916 taxes. By this procedure the taxpayer has failed to obtain as a deduction one-half the taxes paid for the year 1916 within its fiscal year 1917. We think the Commissioner erred twice in this decision—first, in refusing to allow as a deduction for the taxpayer's fiscal year 1917 the entire amount of taxes paid in December, 1916, for that year, and second, in permitting the taxpayer to accrue as at June 30, 1917, one-half the taxes which later became due for the year 1917. It is not necessary to enter into a discussion of when taxes are accrued further than to say that they can not be accrued until they become due, and as within the taxpayer's jurisdiction they are not due until November 1, no part is accrued prior to that time. We are of opinion that the entire 1916 State, county, and municipal taxes paid in December, 1916, should be allowed as a deduction in computing taxpayer's net income for its fiscal year ended June 30, 1917, and that no part of the 1917 State, etc., taxes is properly accruable or deductible in that fiscal year.

The taxpayer contends that the Commissioner erred in reducing its invested capital by the sum of $3,772.89 by reason of additional de-

preciation accumulated by a revenue agent over a period of 10 years prior to June 30, 1916. The facts show that the taxpayer had a reserve for depreciation on its books at June 30, 1916, in the amount of $20,000; that in auditing its books the agent computed a reserve for depreciation from the beginning of the corporation to that date of $23,772.89, and that its invested capital was reduced by the difference between the two amounts. It further appears that the taxpayer had not in the prior years deducted depreciation at constant rates but had adopted the policy of deducting depreciation as the profits of the business appeared to warrant. No depreciation was taken in some years and in others a large amount was taken. There is no evidence before us that the depreciation taken by the taxpayer did not represent the actual depreciation sustained or that the theoretical depreciation computed by the revenue agent more nearly showed the actual value of the assets.

In view of the fact that there was a difference of only $3,772.89 over a 10-year period between the taxpayer and the agent, it is only fair to assume that the taxpayer was more familiar with the actual condition of its business and more competent to judge of the amount of the depreciation of its assets than the revenue agent who arrived at the amount by applying a rule of theoretical depreciation; further, no allowance was made for replacements in the prior years, and in the circumstances we are not disposed to disturb the depreciation set up by the taxpayer. Before taking such action evidence must be submitted showing clearly that the depreciation actually sustained had not been written off during the period in question.

The last claim of taxpayer relates to a reduction of invested capital for the fiscal year 1918 by $659.80 due to a deduction of interest paid in the fiscal year 1917 in excess of the limitation for interest bearing indebtedness permitted by law. Through error this amount was deducted in computing invested capital for the year 1918. As the Commissioner has admitted error as to this item, the amount will be restored to invested capital for the fiscal year 1918.